FILED

January 21, 2016

TN COURT OF
WORKERS' COMPENSATION
CLAIMS

Time: 8:20 AM



# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT MURFREESBORO

| | | |
|---|---|---|
| ANTHONY JONES | ) | Docket No.: 2015-05-0427 |
| Employee, | ) | |
| v. | ) | State File Number: 77314-2015 |
| TROJAN LABOR OF NASHVILLE, | ) | |
| LLC | ) | |
| Employer. | ) | Judge Dale Tipps |
| | ) | |

## EXPEDITED HEARING ORDER DENYING REQUESTED BENEFITS

This matter came before the undersigned workers' compensation judge on January 6, 2016, on the Request for Expedited Hearing filed by the employee, Anthony Jones, pursuant to Tennessee Code Annotated section 50-6-239 (2015). The present focus of this case is the compensability of Mr. Jones' back and right-shoulder injury and his entitlement to temporary disability benefits. The central legal issue is whether Mr. Jones is likely to establish he suffered an injury arising primarily out of and in the course and scope of his employment at a hearing on the merits. For the reasons set forth below, the Court finds Mr. Jones is not entitled to the requested medical and temporary disability benefits at this time.

## History of Claim

Mr. Jones is a forty-three-year-old resident of Maury County, Tennessee. He began working for Trojan in 2012. Trojan is a temporary agency that supplies construction workers. On September 16, 2015, Mr. Jones was working an assignment as a carpenter in a new Hardees restaurant in Murfreesboro, Tennessee. He claims he injured his back and right shoulder on that date while lifting an oven.[1]

On September 24, 2015, Mr. Jones filled out an injury report form. He stated his injury occurred on September 16, 2015, while "unloading boxes off truck at Hardees." He described, "I was unloading a truck with two others and one of the guys did not have support and the weight of the box was too heavy and I felt instant pain go through my

---

[1] Sometimes referred to as "burners."

back."

Mr. Jones gave a recorded statement to Trojan's workers' compensation carrier on September 28, 2015, and a transcription of that statement was admitted into evidence without objection. In his statement, Mr. Jones said his injury occurred on September 16, 2015, while unloading a tractor-trailer at the Hardees restaurant. He and another worker had a stove burner on their shoulders when the other employee dropped his end. Mr. Jones did not know the name of the other employee, but he knew it was not Doug, the only other Trojan employee on site that day. Mr. Jones said he "went to the ground" when the other employee dropped the burner. He felt something in his back and had to stretch. He did not know his shoulder was injured until the next day. (Ex. 11.)

In his affidavit, Mr. Jones said he and a co-worker, Doug Stanley, were lifting the oven to stack it on another oven when Mr. Stanley dropped his end. This jerked Mr. Jones' shoulder and caused him to support more weight. He immediately felt pain in his right shoulder. Mr. Jones told the construction supervisor he injured his back "immediately after this accident." (Ex. 1.)

During the hearing, Mr. Jones testified he did not drop his end of the oven or fall to the ground. He also testified he immediately knew his shoulder was hurt after the incident, but did not know he had injured his back until he woke up the next morning. He did not report the injury to his immediate supervisor that day, but he did tell Dave, the supervisor in charge of the construction company to whom Mr. Jones was assigned. Mr. Jones testified the co-worker involved in the incident was Doug Stanley. He explained that he denied this during his recorded statement because he did not want to get Mr. Stanley in trouble with Trojan.

Mr. Jones testified he hurt so badly he could not get out of bed the morning after the injury. He did not go to work. Instead, Mr. Jones stayed home and took Advil. His symptoms grew worse, so he went to Urgent Care on September 18, 2015. When personnel at Urgent Care realized he was claiming a work injury, they contacted Trojan and refused to treat him because Urgent Care was not an authorized provider. Mr. Jones went to the emergency room and received treatment on September 22, 2015.

Mr. Jones went to Trojan and filled out claim paperwork on September 24, 2015. Trojan gave him a panel of medical providers, and he selected Care Spot. Trojan subsequently terminated him for a positive drug test. Mr. Jones has not worked for Trojan since September 16, 2015.

Mr. Jones saw Stephanie Vaughn, ARNP at Care Spot on September 24, 2015. He reported injuring himself performing a two-man lift of a 300-pound industrial oven when

2

his partner lost his grip on his side of the oven.[2]  After examining Mr. Jones and reviewing his x-rays, Ms. Vaughn assessed bicipital tendonitis of the right shoulder and lumbar strain.  She prescribed Robaxin, assigned work restrictions, and referred Mr. Jones to an orthopedist.  (Ex. 2.)

At the request of the parties, Douglas Stanley executed two separate affidavits regarding Mr. Jones' claim.  In the first, dated November 24, 2015, he described unloading a truck at the Hardees jobsite that contained appliances and kitchen equipment on September 14, 2015.  Over the next two days, he and other workers moved the appliances into the building with a forklift.  He recalled helping to lift and stack ovens on September 15 and 16.  The ovens were heavy "and generally there were up to six people helping lift these items."  Mr. Jones was one of the people he worked with on those days. (Ex. 4.)

In Mr. Stanley's second affidavit of December 3, 2015, he added that he did not recall any specific lifting incident on September 15 or 16 where he and Mr. Jones were the only two employees lifting ovens together.  He did not recall dropping his end of an oven or witnessing any injury to Mr. Jones.  Mr. Jones did not tell him about any injury while on the job site or as they rode home together. (Ex. 14.)

Mr. Stanley testified at the hearing that he did not recall any lifting incident or Mr. Jones injuring himself on September 16, 2015.  He said that heavy lifting would have involved more than two workers at a time, and the ovens would probably be heavy enough to require additional help.  On cross-examination, he initially said he did not specifically recall lifting the oven.  He later said he remembered Mr. Jones and two other workers helping to lift it although he did not know the date.

Mr. Jones filed a Petition for Benefit Determination seeking temporary disability and medical benefits.  The parties did not resolve the disputed issues through mediation, and the Mediating Specialist filed a Dispute Certification Notice (DCN).  Mr. Jones filed a Request for Expedited Hearing and asked the Court to enter an order based on its review of the case file.  Trojan requested an evidentiary hearing, and this Court heard the matter on January 6, 2016.

At the Expedited Hearing, Mr. Jones informed the Court that he was not seeking a determination of temporary disability benefits at this time.  The parties agreed the remaining issues identified in the DCN for determination are compensability, notice, causation, misrepresentation, unauthorized medical treatment, and Mr. Jones' entitlement to medical care.

At the Expedited Hearing, Mr. Jones asserted he is entitled to medical benefits as a

---

[2] The intake note states the injury occurred while "lifting/unloading truck."

result of work injuries to his shoulder and back on September 16, 2015. He contended that notice was proper, as Trojan had actual notice of the injury on September 18, 2015, and written notice on September 24, 2015. Mr. Jones also argued he established that the accident occurred. He acknowledged the descriptions of the injury vary somewhat, but contended a reasonable reading of the statements shows he told essentially the same story. Mr. Jones claimed "unloading the truck" is a general term encompassing unloading the truck, unpacking boxes, and installing equipment. He explained he was imprecise in his description of the incident because he did not realize its importance or the level of scrutiny it would receive.

Mr. Jones contended the Care Spot records established his injuries are work-related because the authorized physician's causation opinion is presumed to be correct. He also argued that any reasonable doubt as to the cause of an injury is to be resolved in favor of the employee.

Trojan countered that Care Spot only diagnosed Mr. Jones' condition, but did not provide any medical opinion as to the cause of the condition. More importantly, not only is there no proof of causation, Mr. Jones provided no verification or corroborating testimony that the alleged incident occurred. Mr. Stanley said the incident did not happen, and Mr. Jones' affidavits, medical records, and recorded statement vary greatly.

### Findings of Fact and Conclusions of Law

The Workers' Compensation Law shall not be remedially or liberally construed in favor of either party but shall be construed fairly, impartially and in accordance with basic principles of statutory construction favoring neither the employee nor employer. Tenn. Code Ann. § 50-6-116 (2015).[3] In general, an employee bears the burden of proof on all prima facie elements of his or her workers' compensation claim. Tenn. Code Ann. § 50-6-239(c)(6) (2015); *see also Buchanan v. Carlex Glass Co.*, No. 2015-01-0012, 2015 TN Wrk. Comp. App. Bd. LEXIS 39, at *5 (Tenn. Workers' Comp. App. Bd. Sept. 29, 2015). At an expedited hearing, an employee need not prove every element of his or her claim by a preponderance of the evidence, but must come forward with sufficient evidence from which the trial court can determine that the employee is likely to prevail at a hearing on the merits consistent with Tennessee Code Annotated section 50-6-239(d)(1) (2015). *McCord v. Advantage Human Resourcing*, No. 2014-06-0063, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *9 (Tenn. Workers' Comp. App. Bd. Mar. 27, 2015). This lesser evidentiary standard "does not relieve an employee of the burden of producing evidence of an injury by accident that arose primarily out of and in the course and scope of employment at an expedited hearing, but allows some relief to be granted if that evidence does not rise to the level of a 'preponderance of the evidence.'" *Buchanan*, 2015 TN Wrk. Comp. App. Bd. LEXIS 39, at *6.

---

[3] Contrary to Mr. Jones' reliance upon pre-reform case law.

4

The first issue to be determined is whether Mr. Jones actually suffered an accident at work. In reviewing the evidence submitted, the Court notes the following undisputed or unrebutted facts:

1.  Mr. Jones was working for Trojan on September 16, 2015.
2.  His duties on that date included helping to unload, unpack, and install restaurant fixtures and equipment at the Hardees jobsite.
3.  Mr. Jones finished his shift on September 16, 2015, and went home without reporting an injury to Trojan.
4.  He reported an injury to Trojan on September 18, 2015, when he went to Urgent Care and told the providers he had suffered a work injury.

The parties vigorously dispute almost every other fact, especially the occurrence of a work-related event.

Contrary to Trojan's argument, Mr. Jones is not required to provide any verification or corroborating testimony that the alleged incident occurred in order to prove a compensable injury. However, the lack of independent verification means resolution of the factual disputes is contingent on a credibility determination.

The Court is cognizant that Mr. Jones might be an imperfect historian and medical records and descriptions of injury are susceptible to errors and variation. Taken alone, the various mechanisms of injury described by Mr. Jones might not be fatal to his claim. Similarly, Mr. Jones' failure to mention the injury to Trojan for two days before seeking medical attention might not be unusual.[4] However, there are other discrepancies not so easily dismissed.

Mr. Jones stated in his affidavit that he reported the injury to Tim Tella. He later testified in the hearing he did not report to it Mr. Tella but to someone named Dave. In his recorded statement, Mr. Jones said he eased the oven to the ground when Mr. Stanley dropped his end of the oven. In the hearing, he testified he never completely set his end of the oven on the ground. Whether he felt pain in his shoulder or low back at the time of the incident also varies in his medical records, affidavit, recorded statement, incident report, and testimony.

Most troubling is Mr. Jones' assertion in his recorded statement that Mr. Stanley was not involved in the incident. Mr. Jones acknowledged this was not true, but offered the excuse that he did not want to get Mr. Stanley in trouble. The Court notes that another reason not to identify Mr. Stanley would be the possibility that he might deny the

---

[4] It should be noted the Court is not finding Mr. Jones' claim to be barred for insufficient notice. It appears notice of the claim was legally adequate, pursuant to Tennessee Code Annotated section 50-6-201(a)(1) (2015).

incident. Mr. Jones' intentional deception to someone investigating his claim calls his claim into question and magnifies the effect of the myriad inconsistencies in all his other statements. After carefully reviewing the testimony and exhibits, the Court cannot credit Mr. Jones' claim of a specific lifting injury on September 18, 2015. Accordingly, Mr. Jones has not shown he is likely to prevail at a hearing on the merits that his injuries arose primarily out of or in the course and scope of his employment as required by Tennessee Code Annotated section 50-6-102(14) (2015).

Therefore, as a matter of law, Mr. Jones has not come forward with sufficient evidence from which this Court can conclude he is likely to prevail at a hearing on the merits. Mr. Jones' request for medical and temporary disability benefits is denied at this time.

**IT IS, THEREFORE, ORDERED** as follows:

1. Mr. Jones' claim against Trojan and its workers' compensation carrier for the requested medical and temporary disability benefits is denied.

2. This matter is set for an Initial (Scheduling) Hearing on February 24, 2016, at 9:00 a.m., Central Time.

**ENTERED this the 21st day of January, 2016.**

_____

**Judge Dale Tipps**
**Court of Workers' Compensation Claims**

Initial (Scheduling) Hearing:

An Initial (Scheduling) Hearing has been set with **Judge Dale Tipps, Court of Workers' Compensation Claims. You must call 615-741-2112 or toll free at 855-874-0473 to participate.**

**Please Note: You must call in on the scheduled date/time to participate. Failure to call in may result in a determination of the issues without your further participation. All conferences are set using Central Time (CT).**

Right to Appeal:

Tennessee Law allows any party who disagrees with this Expedited Hearing Order to appeal the decision to the Workers' Compensation Appeals Board. To file a Notice of Appeal, you must:

1. Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal."

2. File the completed form with the Court Clerk *within seven business days* of the date the Workers' Compensation Judge entered the Expedited Hearing Order.

3. Serve a copy of the Expedited Hearing Notice of Appeal upon the opposing party.

4. The appealing party is responsible for payment of a **filing fee in the amount of $75.00.** Within ten calendar days after the filing of a notice of appeal, payment must be received by check, money order, or credit card payment. Payments can be made in person at any Bureau office or by United States mail, hand-delivery, or other delivery service. In the alternative, the appealing party may file an Affidavit of Indigency, on a form prescribed by the Bureau, seeking a waiver of the filing fee. The Affidavit of Indigency may be filed contemporaneously with the Notice of Appeal or must be filed within ten calendar days thereafter. The Appeals Board will consider the Affidavit of Indigency and issue an Order granting or denying the request for a waiver of the filing fee as soon thereafter as is practicable. **Failure to timely pay the filing fee or file the Affidavit of Indigency in accordance with this section shall result in dismissal of the appeal.**

5. The parties, having the responsibility of ensuring a complete record on appeal, may request, from the Court Clerk, the audio recording of the hearing for the purpose of having a transcript prepared by a licensed court reporter and filing it with the Court Clerk within ten calendar days of the filing of the Expedited Hearing Notice of Appeal. Alternatively, the parties may file a joint statement of the evidence within ten calendar days of the filing of the Expedited Hearing Notice of Appeal. The statement of the evidence must convey a complete and accurate account of what transpired in the Court of Workers' Compensation Claims and must be approved by the workers' compensation judge before the record is submitted to the Clerk of the Appeals Board.

6. If the appellant elects to file a position statement in support of the interlocutory appeal, the appellant shall file such position statement with the Court Clerk within five business days of the expiration of the time to file a transcript or statement of the evidence, specifying the issues presented for review and including any argument in support thereof. A party opposing the appeal shall file a response, if any, with the Court Clerk within five business days of the filing of the appellant's position statement. All position statements pertaining to an appeal of an interlocutory order should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a

statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

# APPENDIX

Exhibits:
1. Affidavit of Anthony Jones
2. Records from Care Spot
3. Records from Maury Regional Medical Center (Identification Only)
4. November 24, 2015 Affidavit of Douglas Stanley
5. C-20 First Report of Injury
6. Written Statement of Timothy Tella (Identification Only)
7. Specimen Result Certificate
8. C-41 Wage Statement
9. C-42 Panel of Physicians
10. C-23 Notice of Denial
11. Recorded Statement of Anthony Jones
12. Affidavit of Heather Jones
13. Affidavit of Kellie Von Schipmann
14. December 3, 2015 affidavit of Douglas Stanley
15. Witness Report
16. September 28, 2015 letter from Anita Williams
17. Employee's Report of Injury
18. Incident Investigation Report

Technical record:[5]
1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Request for Expedited Hearing

---

[5] The Court did not consider attachments to Technical Record filings unless admitted into evidence during the Expedited Hearing. The Court considered factual statements in these filings or any attachments to them as allegations unless established by the evidence.

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Expedited Hearing Order Denying Requested Benefits was sent to the following recipients by the following methods of service on this the 21st day of January, 2016.

| Name | Certified Mail | Via Fax | Via Email | Service sent to: |
|---|---|---|---|---|
| Tracy Moore | | | X | tracy@moorepeden.com |
| Laurenn Disspayne | | | X | ldisspayne@manierherod.com |

_____

**Penny Shrum, Clerk of Court**
**Court of Workers' Compensation Claims**
**WC.CourtClerk@tn.gov**

10